UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19- 1022 |
| ) | |
| Defendant No. 1: A SMITH & WESSON ) | |
| MODEL SW40VE PISTOL, SERIAL ) | |
| NUMBER DWX9875, ) | |
| ) | |
| Defendant No. 2: 13 ROUNDS OF ) | |
| ASSORTED .40 CALIBER ) | |
| AMMUNITION, ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Annette Gurney, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: A Smith & Wesson pistol, serial number DWX9875 and thirteen rounds of assorted .40 caliber ammunition for violations of 18 U.S.C. § 922(g)(9).

### THE DEFENDANTS IN REM

2. The defendants were seized on September 20, 2018, by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) in De Soto, Kansas in the District of Kansas.

Kansas in the District of Kansas and are in the custody of ATF.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendants. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has *in rem* jurisdiction over the defendants under 28 U.S.C. 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the defendants pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because an act or omission giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

6. The defendants are subject to forfeiture pursuant to 18 U.S.C. § 924(d) as they were used or involved in a violation of 18 U.S.C. § 922(g)(9).

## FACTS

7. Supplemental Rule G(2)(f) requires this complaint to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Such facts and circumstances supporting the seizure and forfeiture of the defendants are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant of arrest *in rem* for

the arrest of the defendants; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the defendants; that the defendants be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

/s/ Annette Gurney
ANNETTE GURNEY #11602
Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Annette.gurney@usdoj.gov

## DECLARATION

I, Kyle Lovelady, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __4th__ day of February, 2019.

KYLE LOVELADY
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

4

## AFFIDAVIT IN SUPPORT OF COMPLAINT FOR FORFEITURE

1. I, Kyle M. Lovelady, being duly sworn, state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), the U.S. Department of Justice and have been so employed for approximately fourteen years. I am a Certified Explosives Specialist and have been so for approximately seven years. I am a graduate of the Federal Law Enforcement Training Center Criminal Investigator Training Program and the Bureau of Alcohol, Tobacco, Firearms and Explosives' National Academy. My duties as a Special Agent consist of investigating criminal violations of federal alcohol, tobacco, firearm, arson and explosives laws. During the course of my employment, I have written and participated in multiple search warrants related to firearms, arson and explosives violations which resulted in felony arrests, search warrants, and criminal complaints.

2. This affidavit is made in support of a complaint for forfeiture for the following property:

    A. A Smith & Wesson, Model SW40VE, semi-automatic pistol, serial number DWX9875; and,

    B. Thirteen rounds of assorted .40 caliber ammunition.

3. The firearm and ammunition identified in paragraph 2 were seized by me and Johnson County Kansas Sheriff's Deputy John Hutcheson on September 20, 2018, in the District of Kansas as part of an investigation regarding Jennifer Copeland.

4. Jennifer Copeland has a previous conviction from Johnson County District Court Case No. 02DV0423 involving domestic battery in violation of K.S.A. 21-3412a and K.S.A. 21-4502(1)(b).

5. ATF has determined and advised me that Jennifer Copeland's conviction in Johnson County District Court Case No. 02DV0423 constitutes a misdemeanor crime of domestic violence under 18 U.S.C. § 921(a)(33)(A) and, therefore, she is prohibited from possessing a firearm or ammunition, pursuant to 18 U.S.C. § 922(g)(9).

6. On September 20, 2018, Deputy Hutcheson and I made contact with Jennifer Copeland at a residence in De Soto, Kansas. At the time, Ms. Copeland was carrying a holstered semiautomatic pistol on her right hip.

7. During conversation with Ms. Copeland, I explained to her that her misdemeanor domestic violence conviction prohibited her from possessing firearms and/or ammunition and the firearm and ammunition, which Ms. Copeland wore and which are identified in paragraph 2, were recovered from her without incident.

8. As a result of the foregoing, I have probable cause to believe that the firearm and ammunition identified in paragraph 2, were used or involved in a violation of 18 U.S.C. § 922(g)(9). Accordingly, I have probable cause to believe that the firearm and ammunition are subject to forfeiture pursuant to 18 U.S.C. § 924(d).

KYLE LOVELADY
Special Agent Certified Explosives Specialist
Bureau of Alcohol Tobacco and Firearms and Explosives

Subscribed and sworn to before me this 4th day of February, 2019.

NOTARY PUBLIC

MICHELLE R. KELLOGG
Notary Public - State of Kansas
My Appt. Expires

2